# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ANTONIO CORTEZ-MEZA,<br><br>Defendant. | Case No.: 2:20-mj-00461-DJA<br><br>**ORDER**<br><br>(Docket No. 8) |

Pending before the Court is Defendant Jorge Antonio Cortez-Meza's motion for immediate COVID-19 testing.[1] Docket No. 8. The Court has considered Defendant's motion and the United States' response. Docket Nos. 8, 11.

Defendant submits that he is currently held in the custody of the United States Marshal Service at the Nevada Southern Detention Center ("NSDC"). Docket No. 8 at 1. Defendant further submits that, prior to coming into the Marshals' custody, he was in state custody from October 2, 2018 until May 8, 2020, when he was transferred into the custody of Immigration and Customs Enforcement ("ICE") *Id*. at 3. Defendant submits that he was transferred from ICE custody into the custody of the Marshals. *Id*. Defendant submits that the Court has the inherent authority to order COVID-19 testing for him at NSDC. *Id*. at 6-8. Defendant further submits that testing is "crucial to stemming the spread of COVID-19." *Id*. at 8-9. Defendant next submits that testing is necessary to protect his Sixth Amendment right to the assistance of counsel and to prepare a complete defense. *Id*. at 9-13. Therefore, Defendant asks the Court to order NSDC to test him for COVID-19. *Id*. at 13.

In response, the United States submits that the matter of testing detainees in the custody of the Marshals more properly falls within the purview of the United States Marshal Service and not

---

[1] Despite the title of his motion, Defendant acknowledges in the text that he has been detained pending trial. Docket No. 8 at 2. *See also* Docket No. 3.

the Court. Docket No. 11 at 2. Further, the United States submits that doing so would interfere with the internal management of the facility and that the Court's inherent power does not grant jurisdiction to the Court to do so. *Id*. at 2-3. The United States submits that NSDC has instituted policies to combat the risk of COVID-19 infection and that those policies continue to evolve. *Id*. at 4-5. Additionally, the United States submits that Defendant is not an individual who has a high risk to contract COVID-19. *Id*. at 6. Further, the United States submits that Defendant does not claim that he has symptoms of COVID-19, that he is housed with anyone infected with COVID-19, that he is being denied necessary medical treatment for exposure to COVID-19, or that the facility is unable to administer constitutionally acceptable treatment for the virus. *Id*. at 7. Rather, the United States submits, Defendant's motion is based upon speculation and generalized fear. *Id*. Finally, the United States submits that the lack of a COVID-19 test does not impact Defendant's Sixth Amendment rights, as the issue he raises regarding remote conferencing with his attorney applies to all detainees at NSDC and would not be ameliorated were he to be tested. *Id*. at 9. Therefore, the United States asks the Court to deny Defendant's motion. *Id*. at 10.

The Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents, particularly within the jail and prison setting. *United States v. Boatwright*, ____ F.Supp.3d ____, 2020 WL 1639855, at *5 (D.Nev. April 2, 2020). Decisions regarding the adoption and execution of internal policies, including the discipline, care, and security of prisoners, however, ordinarily lie "within the province and professional expertise of corrections officials." *Bell v. Wolfish*, 441 U.S. 520, 547-548 (1979). These are "the sort of issues that the Supreme Court has instructed courts to ordinarily defer to [corrections officials' expert judgment."[2] *United States v. Needham*, ___ F.Supp.3d ____, 2020 WL 2512105, at *3 (S.D.N.Y. May 15, 2020) (internal citation omitted). Granting Defendant's motion would interfere

---

[2] This Court has previously found that NSDC is taking reasonable recommended precautions, including medical staff screening new inmates for COVID-19 symptoms and risk of exposure, isolating those deemed to be high risk, and promoting other recommended hygiene habits. *Boatwright*, 2020 WL 1639855, at *5.

with the internal management of NSDC and the Court finds that it does not have the jurisdiction to so do.³ *Id*.

Accordingly, for the reasons stated above, Defendant's motion for immediate COVID-19 testing, Docket No. 8, is **DENIED**.

IT IS SO ORDERED.

DATED: June 12, 2020.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

³ While the Court need not reach these arguments, the Court agrees with the United States that Defendant's motion is based upon generalized speculation rather than any specific COVID-19 risk. *See Boatwright*, 2020 WL 1639855, at *7. Further, the Court finds Defendant's argument that failure to test him for COVID-19 violates his rights because he cannot assist with his defense without in-person legal visits unpersuasive, particularly since he would not be able to engage in in-person visits with his attorney even if he was tested. *See United States v. Dodd*, 2020 WL 1547419, at *3 (D.Minn. April 1, 2020) ("Defendant does not suggest that his situation with regard to consultation with counsel is an urgent one or distinguishable from that facing other pretrial detainees at this time").

3